IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

LUIS HERNANDEZ and ALEXI             §
HERNANDEZ,                           §
                                     §
            Plaintiffs,              §
                                     §
v.                                   §
                                     §    CIVIL ACTION NO. H-18-0724
RESIDENTIAL ACCREDIT LOANS           §
INC., MORTGAGE ASSET-BACKED          §
PASS-THROUGH CERTIFICATES,           §
SERIES 2007-QS3, DEUTSCHE BANK       §
TRUST COMPANY AMERICAS as            §
TRUSTEE with WELLS FARGO BANK,       §
N.A. as the Mortgage Servicer,       §
                                     §
            Defendants.              §

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs, Luis Hernandez and Alexi Hernandez, Husband and Wife ("Plaintiffs"), sued defendants Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS31 ("Deutsche Bank") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, "Defendants") in the 125th Judicial District Court of Harris County, Texas.[1] Defendants timely removed the action to this court.[2] Pending before the court is Defendants' Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 12) and Plaintffs' [sic] Motion to Remand ("Motion to Remand") (Docket

---

[1]<u>See</u> Plaintiff's [sic] Original Petition Seeking Declaratory Judgment and Application for Temporary Restraining Order ("Original Petition"), Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5.

[2]<u>See</u> Notice of Removal, Docket Entry No. 1.

Entry No. 13). For the reasons stated below, the Motion to Remand will be denied, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

## I.  **Factual Allegations and Procedural Background**[3]

In their Original Petition Plaintiffs allege that they owned the real property located at 13138 Chatfield Manor Lane, Tomball, Texas 77375 ("the Property"). On December 22, 2006, Plaintiff Luis Hernandez obtained a loan in the amount of $225,000.00 from Wachovia Mortgage Corporation, secured by a Note and a Deed of Trust (collectively, the "Loan").[4] Only Luis Hernandez signed the Note, and both Luis and Alexi Hernandez signed the Deed of Trust.[5] On December 2, 2009, the Loan was assigned to Wells Fargo Bank, N.A.[6] Wells Fargo was the mortgage servicer for Deutsche Bank, the mortgagee of the Note and Deed of Trust.[7]  On January 23, 2018,

---

[3]See Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, pp. 2-4.

[4]See Note, Exhibit 5 to Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5; Deed of Trust, Exhibit 1 to Motion to Dismiss, Docket Entry No. 12-1.

[5]See id.

[6]Assignment of Note and Deed of Trust, Exhibit 2 to Motion to Dismiss, Docket Entry No. 12-2, p. 2.

[7]See Notice of Acceleration, Exhibit 2 to Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 16.

Wells Fargo issued a notice of acceleration in connection with Plaintiffs' Loan and initiated foreclosure proceedings.[8]

On March 1, 2018, Plaintiffs filed suit against Defendants in state court seeking a declaratory judgment and a temporary restraining order.[9] On March 2, 2018, the State Court issued a Temporary Restraining Order and suspended the foreclosure sale of the Property.[10] Defendants move to dismiss all claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[11] Plaintiffs oppose Defendants' Motion to Dismiss[12] and move to remand this action to State Court.[13]

## II. **Plaintiffs' Motion to Remand**

Defendants removed this action on March 7, 2018, arguing that the court has subject matter jurisdiction under 28 U.S.C § 1332 because there is complete diversity of citizenship and the amount

---

[8]See Notice of Acceleration, Exhibit 2 to Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 16; Notice of Substitute Trustee Sale, Exhibit 2 to Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 18.

[9]Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 2.

[10]Temporary Restraining Order, Exhibit D-2 to Notice of Removal, Docket Entry No. 1-6, pp. 2-3.

[11]See Motion to Dismiss, Docket Entry No. 12, p. 8.

[12]See Plaintffs' [sic] Second Amended Response in Opposition to Motion to Dismiss for Failure to State a Claim ("Plaintiffs' Response"), Docket Entry No. 18.

[13]See Motion to Remand, Docket Entry No. 13.

in controversy exceeds $75,000.[14]  Plaintiffs argue that the action
should be remanded because the Loan violates the Texas Constitution
and the court should decline to exercise supplemental jurisdiction
under 28 U.S.C. § 1367,[15] but they do not argue that complete
diversity does not exist or that the jurisdictional minimum is not
met.

## A.    Standard of Review

28 U.S.C. § 1441(a) provides that "any civil action brought in
a State court of which the district courts of the United States
have original jurisdiction, may be removed by the defendant or the
defendants, to the district court of the United States for the
district and division embracing the place where such action is
pending."  Original federal jurisdiction exists where the civil
action arises "under the Constitution, laws, or treaties of the
United States."  28 U.S.C. § 1331.  In addition, "[t]he district
courts shall have original jurisdiction of all civil actions where
the matter in controversy exceeds the sum or value of $75,000,
exclusive of interest and costs, and is between — (1) citizens of
different States."  28 U.S.C. § 1332.  If jurisdiction is based on
diversity an action "may not be removed if any of the parties in
interest properly joined and served as defendants is a citizen of

---

[14]Notice of Removal, Docket Entry No. 1, p. 3 ¶ 9.

[15]See Motion to Remand, Docket Entry No. 13, pp. 1-6.

-4-

the State in which [the] action is brought." 28 U.S.C. §
1441(b)(2). That is, "a district court cannot exercise diversity
jurisdiction if one of the plaintiffs shares the same state
citizenship as one of the defendants." Whalen v. Carter, 954 F.3d
1087, 1094 (5th Cir. 1992).

After removal of a case, the plaintiff may move for remand and
"[if] it appears that the district court lacks subject matter
jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).
Removal jurisdiction depends on the plaintiffs' state court
pleadings at the time of removal. Cavallini v. State Farm Mutual
Auto Insurance Co., 44 F.3d 256, 259 (5th Cir. 1995). The removing
party bears the burden of showing that subject matter jurisdiction
existed and that the removal procedure was properly followed.
Manguno v. Prudential Property & Casualty Insurance Co., 276 F.3d
720, 723 (5th Cir. 2002). The Fifth Circuit has held that the
removal statutes are to be construed "strictly against removal and
for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100,
106 (5th Cir. 1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 61
S. Ct. 868, 872 (1941)).

## B.  **Analysis**

Because Plaintiffs are domiciled in Harris County, Texas,
where they have their fixed residence and an intent to remain,[16]

---

[16]Original Petition, Exhibit D-1 to Notice of Removal, Docket
Entry No. 1-5, p. 3.

they are citizens of Texas for diversity purposes.  See <u>Freeman v. Northwest Acceptance Corp.</u>, 754 F.2d 553, 555-56 (5th Cir. 1985). Deutsche Bank is a New York corporation with its principal place of business in New York.[17]  Deutsche Bank is therefore a citizen of New York, and Plaintiffs do not argue otherwise.   28 U.S.C. § 1332(c)(1); <u>Bynane v. Bank of New York Mellon</u>, 866 F.3d 351, 357 (5th Cir. 2017) (holding that a trustee's citizenship controls for diversity purposes when the party sued in its capacity as a trustee).  Defendant Wells Fargo is a national banking association which, under its articles of association, has its main office in South Dakota.  Wells Fargo is therefore a citizen of South Dakota for diversity purposes, and Plaintiffs do not argue otherwise.[18] <u>Wachovia Bank v. Schmidt</u>, 126 S. Ct. 941, 945 (2006) ("[A] national bank . . . is a citizen of the State in which its main office, as set forth in its articles of association, is located.").   The parties are therefore completely diverse.

For diversity jurisdiction under 28 U.S.C. § 1332(a), "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, . . . the value of that property represents the amount in controversy." <u>Farkas v. GMAC Mortgage L.L.C.</u>, 737 F.3d 338, 341 (5th Cir. 2013) (citation omitted).  Because Plaintiffs seek injunctive relief to preclude foreclosure of the Property and seek a declaration that the lien is

---

[17]Notice of Removal, Docket Entry No. 1, p. 4.

[18]<u>Id.</u>

void, and because the current market value of the Property is $290,091,[19] the amount in controversy exceeds the jurisdictional minimum of $75,000.

Because the parties are completely diverse and the amount-in-controversy requirement has been met, the court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs' arguments that the court should abstain from adjudicating this case have no merit because "[a] federal district court may exercise original jurisdiction over any civil action that . . . satisfies diversity requirements . . . ." Energy Management Services, LLC v. City of Alexandria, 739 F.3d 255, 259-60 (5th Cir. 2014). The court therefore will deny Plaintiffs' Motion to Remand.

## III.     Defendants' Motion to Dismiss

### A.     Standard of Review

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the

---

[19]Harris County Appraisal District Real Property Account Information, Exhibit E to Notice of Removal, Docket Entry No. 1-8, p. 2.

elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may otherwise be well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co.

(Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing <u>Neitzke v. Williams</u>, 109 S. Ct. 1827, 1832 (1989)).

## B. Analysis

Plaintiffs allege that the Loan violates the Texas Constitution because Plaintiff Alexi Hernandez did not sign the Note or consent to the Loan.[20] Plaintiffs appear to assert a cause of action for suit to quiet title, and seek an injunction to preclude foreclosure of the Property, a declaratory judgment, and damages.[21] Plaintiffs also argue that Defendants do not have standing to foreclose on the Property because the Loan violates the Texas Constitution.[22] In one sentence of their Original Petition Plaintiffs may assert a breach of contract claim against Defendants.[23]

Defendants move to dismiss Plaintiffs' claims arguing that Plaintiffs' quiet title claim fails as a matter of law and that

---

[20]Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 4.

[21]<u>See</u> <u>id.</u> at 4, 7, 9.

[22]<u>Id.</u> at 5.

[23]<u>Id.</u> at 4. ("Thus Plaintiffs pleading using the Texas Constitution should resolve this conflict in Plaintiffs favor according where Mrs. Hernandez did not sign the loan note thus the Hernandez promissory loan was a written agreement where the applicable law the and thus a breach of contract since the Defendants purchased a note which did not follow the strict Constitution standards there is no Mrs. Hernandez consent . . . .").

-9-

Plaintiffs are not entitled to injunctive relief.[24]   In response
Plaintiffs reiterate the arguments in their Original Petition and
argue that Defendants have not cured the constitutional defect
after Plaintiffs served a notice of right to cure.[25]

1.   Quiet Title Action

A suit to remove cloud or to quiet title exists "'to enable
the holder of the feeblest equity to remove from his way to legal
title any unlawful hindrance having the appearance of better
right.'" Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388
(Tex. App. — Houston [1st Dist.] 2012, pet. denied) (quoting Bell
v. Ott, 606 S.W.2d 942, 952 (Tex. App. — Waco 1980, writ ref'd
n.r.e.)).  The plaintiff has the burden of proof to establish his
superior equity and right to relief.  Id.  To do so the plaintiff
must show (1) an interest in a specific property, (2) title to the
property is affected by a claim by the defendant, and (3) the
claim, although facially valid, is invalid or unenforceable.
Vernon v. Perrien, 390 S.W.3d 47, 61-62 (Tex. App. — El Paso 2012,
no pet.) (citation omitted).  The plaintiff must recover on the
strength of his own title, not on the weakness of a defendant's
title.  Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747,

---

[24]See Motion to Dismiss, Docket Entry No. 12, pp. 2-8.

[25]Plaintiffs' Response, Docket Entry No. 18, pp.  1-5.

-10-

767 (N.D. Tex. 2012); <u>Ventura v. Wells Fargo Bank, N.A.</u>, Civil Action No. 4:17-075-A, 2017 WL 1194370, at *2 (N.D. Tex. March 30, 2017; <u>Martin v. Amerman</u>, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted).

Plaintiffs appear to seek removal of a cloud on title to the Property arguing that Defendants do not have standing foreclose and that the Loan violates the Texas Constitution.[26] Plaintiffs argue that the Loan in which Defendants assert an interest, although facially valid, is invalid and of no force or effect because Defendants' uncured constitutional violations have rendered Defendants' underlying lien void.[27] Plaintiffs allege that Defendants' claim therefore interferes with their title.[28] Defendants contend that Plaintiffs' claim fails as a matter of law.[29]

Plaintiffs' claim to superior title is not based on the strength of Plaintiffs' title to the Property, but on the weakness of Defendants' title to the Property resulting from the alleged violations of the Texas Constitution. Therefore, Plaintiffs' quiet

---

[26]Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 7 ("Was the title to the property affected by a claim by the Defendant?").

[27]<u>Id.</u>

[28]<u>Id.</u>

[29]Motion to Dismiss, Docket Entry No. 12, p. 4.

-11-

title claim fails as a matter of law.  See Ventura, 2017
WL 1194370, at *2-*3 (dismissing the plaintiff's quiet title claim
because it rested on the weakness of the defendant's title rather
than on the strength of the plaintiff's title).

   2.   Breach of Contract and Constitutional Violations

   Although Plaintiffs' argument that the Loan violates the Texas
Constitution is not applicable to their suit to quiet title, the
court will evaluate the validity of the Loan under the Texas
Constitution in order to determine whether Plaintiffs have
adequately stated a claim for breach of contract.  Plaintiffs argue
that because Alexi Hernandez did not sign the Note that secured
their Loan, the lien violates Section 50(a)(6)(A) of the Texas
Constitution and therefore not valid.[30]   Defendants argue that
"Plaintiffs' lien . . . does not fall within the scope of that
constitutional provision because it is a purchase-money lien, not
a home-equity lien."[31]

   Section 50(a)(6)(A) prohibits a forced sale if the extension
of credit secured by a voluntary lien under a written agreement was
created without the consent of each owner and each owner's spouse.
TEX. CONST. art. XVI, § 50(a)(6)(A).  Section 50(a)(1) states that

---

[30]Original Petition, Exhibit D-1 to Notice of Removal, Docket
Entry No. 1-5, p. 7

[31]Motion to Dismiss, Docket Entry No. 12, p. 7.

the homestead is "protected from forced sale, for the payment of all debts except for: the purchase money thereof, or a part of such purchase money[.]" Id. § 50(a)(1). Section 50(a) of the Texas Constitution does not create a separate cause of action, it "simply describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default." Garofolo v. Ocwen Loan Servicing, L.L.C., 497 S.W.3d 474, 478 (Tex. 2016). But a borrower may assert constitutional violations through a breach of contract action when the constitutional forfeiture provision is incorporated into the terms of the home-equity loan. Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593 (5th Cir. 2017); Johnson v. Citigroup Mortgage Loan Trust Inc., Civil Action No. 5:16-cv-1114-RCL, 2017 WL 3337268, at *9 (W.D. Tex. Aug. 3, 2017); Garofolo, 497 S.W.3d at 484; Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542, 546 (Tex. 2016). Compliance with Section 50(a) "is measured by the loan as it exists at origination and whether it includes the terms and conditions required to be foreclosure-eligible." Garofolo, 497 S.W.3d at 478.

The Deed of Trust in connection with the Loan that both plaintiffs signed identifies the Loan as a purchase money lien[32] and states that:

> Loan is Not a Home Equity Loan. The Loan evidenced by the Note is not an extension of credit as defined by Section 50(a)(6) or Section 50(a)(7), Article XVI, of the Texas Constitution.[33]

Because the Loan is a purchase money lien, not a home equity lien, the requirements and protections of the Texas Constitution do not apply to it. TEX. CONST. art. XVI, § 50(a); Heggen v. Pemelton, 836 S.W.2d 145, 146 (Tex. 1992) ("The Texas Constitution specifically protects homesteads from forced sale except to satisfy liens securing purchase money, tax, or home improvement debts."). The court therefore concludes that Plaintiffs have failed to state a claim for breach of contract based on violations of the Texas Constitution.

3.    Standing to Foreclose

Plaintiffs' arguments that Defendants do not have standing to foreclose are based on alleged constitutional violations. Because the court has concluded that the Texas Constitution does not apply

---

[32]Deed of Trust, Exhibit 1 to Motion to Dismiss, Docket Entry No. 12-1, p. 11 ¶ 27 (marking an "X" in the box for "Purchase Money" and stating that "[t]he funds advanced to  Borrower under the Note were used to pay all or part of the purchase price of the Property.").

[33]Id. at 12 ¶ 28.

-14-

to the Loan, Plaintiffs' arguments have no merit. Moreover, under the Texas Property Code, "a party has standing to initiate a nonjudicial foreclsoure sale if the party is a mortgagee." EverBank, N.A. v. Seedergy Ventures, Inc., 499 S.W.3d 534, 539 (Tex. App.--Houston [14th Dist.] 2016, reh'g overruled) (citing Tex. Prop. Code §§ 51.002, 51.0025). "A mortgagee includes the grantee, beneficiary, owner, or holder of a security instrument, such as a deed of trust, or 'if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.'" Id. (citing Tex. Prop. Code §§ 51.0001(4),(6)). Because the Note and Deed of Trust were assigned to Wells Fargo[34] and Wells Fargo served as the mortgage servicer for Deutsche Bank, the mortgagee,[35] Defendants have standing to foreclose on the Property.

4. Request for Declaratory Judgment

Plaintiffs also seek a declaratory judgment. Chapter 37 of the Texas Civil Practice and Remedies Code, titled the "Texas Declaratory Judgments Act," is a procedural, not a substantive, provision and therefore does not apply to actions in federal court. Vera v. Bank of America, N.A., 569 F. App'x 349, 352 (5th Cir.

---

[34]Assignment of Note and Deed of Trust, Exhibit 2 to Defendants' Motion to Dismiss, Docket Entry No. 12-2, p. 2.

[35]See Notice of Acceleration, Exhibit 2 to Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 16.

2014). A request for declaratory judgment under state law is thus considered as a claim under the federal Declaratory Judgment Act. See 28 U.S.C. § 2201. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)). "A declaratory judgment action requires the parties to litigate some underlying claim or cause of action." Conrad v. SIB Mortgage Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. March 6, 2015). When, as in this case, a plaintiff's claims will be dismissed, his request for declaratory relief has no merit. Wheeler v. U.S. Bank Nat'l Ass'n, Civil Action No. H-14-0874, 2016 WL 554846, at *8 n.53 (S.D. Tex. Feb. 10, 2016).

Plaintiffs request a declaratory judgment that "the Defendant must produce the one and only Original Promissory Note signed by the Plaintiff for inspection by the Plaintiff and or their document examiner prior to proceeding with any foreclosure proceedings; A judgment that the court declare that any attempt to foreclose pursuant to the Texas Property Code Sec. 51.001 et seq. is an action to collect debt[.]"[36] Plaintiffs do not support this request

---

[36]Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-5, p. 9.

with any legal or factual arguments. To the extent that Plaintiffs' request is based on their arguments regarding quiet title, breach of contract, or standing, because Plaintiffs' underlying claims will be dismissed, the court will not grant declaratory relief.

　　5.　Request for Injunctive Relief

　　Plaintiffs have requested a temporary and a permanent injunction against Defendants. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." Cook v. Wells Fargo Bank, N.A., Civil Action No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). Because Plaintiffs have failed to state a claim upon which relief can be granted, they are not entitled to injunctive relief.

## IV.　Conclusions and Order

　　For the reasons discussed in Part II, above, the court concludes that Defendants have met their burden to prove that the court has diversity jurisdiction. Accordingly, Plaintiffs' Motion to Remand (Docket Entry No. 13) is **DENIED**. For the reasons discussed in Part III, above, Plaintiffs have failed to state in their Original Petition any claims upon which relief can be granted. Nor have Plaintiffs provided the court with any reason to

-17-

conclude that amending their pleadings would cure the deficiency. Defendants' Motion to Dismiss (Docket Entry No. 12) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 23rd day of August, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE